ROGERS v. THOMPSON.

(Supreme Court, Appellate Term. May 24, 1899.)

1. REVIEW—QUESTIONS OF FACT.

A finding of fact as to payment may be reviewed when there is no evidence to sustain it.

2. PAYMENT—EVIDENCE.

A bill of sale on a stock of goods, given by the maker of a note to the payee, recited a consideration of "one dollar and other considerations," among them the assumption of notes of the maker held by third persons, but contained no statement that the note held by the payee constituted part of the consideration. There was testimony that the maker had demanded the return of the note, coupled with a demand for a return of the bill of sale. It was proved that, after the execution of the bill of sale, the maker continued in control, paid rent, purchased new stock, and sold the stock, and with the proceeds paid a debt due thereon; that he had often stated that he was the real owner of the goods; and that the bill of sale was merely given to defeat creditors. *Held* insufficient to sustain a finding that the bill of sale constituted a payment of the note.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Theodore P. Rogers against John E. W. Thompson. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Howard E. White, for appellant.
Edwin F. Stern, for respondent.

LEVENTRITT, J. The plaintiff sought recovery on a promissory note dated the 17th day of August, 1895, in the sum of $400, payable 12 months thereafter, with interest. The defendant admitted that he

gave the note in consideration of $400 loaned him by the plaintiff, but resisted liability on the plea that ·on the 18th day of November, 1895, he executed and delivered to the plaintiff, in satisfaction of the note, a bill of sale of the contents of a drug store owned by him.

After an exhaustive examination of the record, we are unable to find anything which reaches the dignity of evidence to substantiate the defense. Vague and shadowy intimations leading to uncertain inferences cannot be invoked to raise such a conflict of fact as would preclude a review on our part. Reference to the testimony will suffice to reveal the insufficiency and shallowness of the defense. The defendant introduced the bill of sale in evidence. This, on its face, contains nothing to support his plea. The consideration mentioned is "one dollar and other valuable considerations"; and, while this is supplemented by the statement of the assumption of payment by the plaintiff of notes of the defendant held by third parties, there is a significant silence that the note in suit constituted part of the consideration, or that it was satisfied by the bill of sale. It is evident that the defendant cannot rest on that instrument to meet the plaintiff's contention that the note and bill of sale were entirely independent transactions. Therefore, in the absence of other writings, if the defendant hoped to succeed, it could only be by recourse to oral testimony. We search the record in vain for evidence of the alleged original agreement to accept the bill of sale in discharge of the note. No attempt was made to prove it, and the defendant contented himself with presenting certain testimony of subsequent demands for, and unfulfilled promises to return, the note. But these demands are not founded on any proven right or established agreement. Moreover, the very witnesses from whom the defendant sought to elicit proof thereof gave testimony entirely inconsistent with the theory of the defense, in that they stated that the demand for the return of the note was coupled with a demand for the return of the bill of sale. Obviously the plaintiff would have been entitled to the retention of the bill of sale, if it had been given for, and in extinguishment of, the note.

To uphold the judgment we should have to conclude that what can scarcely be termed a scintilla of evidence establishes the plea of payment. Furthermore, the plaintiff met this plea not only by emphatic denial, but by conclusive proof that the bill of sale was a mere nominal transfer, and had no relation whatsoever to the note. It is uncontradicted that after the execution of the bill of sale the defendant continued in occupancy and control of the store; paid the rent; paid for new stock, which he personally ordered; kept the bill of sale in his safe; in the absence of the plaintiff, personally conducted negotiations, and concluded, in·March, 1897, in his own name, a sale of the identical property; received the money therefor, and immediately paid therewith a debt which, had the bill of sale been valid, the plaintiff would have been obligated to pay; turned over to the purchaser the keys and the possession; and performed other acts which can be reconciled only with ownership on his part. The record also contains uncontradicted admissions, made to disinterested witnesses, to the effect that he was the real owner, and that the transfer was fictitious,

and made to serve his own ulterior purposes. Thus he admitted to an employé of one of his creditors that the bill of sale had been given "to prevent some people from calling and claiming against him," while to the attorney for the same creditor he declared on various occasions that he "was the real owner of the store," although he had given a bill of sale to the plaintiff. Even if all this convincing testimony should be ignored, the defendant should not have prevailed. There was a complete failure of proof on his part, and we have therefore not been called upon to depart from our rule not to weigh testimony in arriving at the conclusion that the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs; MacLEAN, J., in result.